UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WOUND MANAGEMENT SPECIALISTS, LLC                                                                                      PLAINTIFF

V.                                                                             CIVIL ACTION NO. 3:24-CV-727-DPJ-ASH

LIBERTY MUTUAL MANAGED CARE, LLC, ET AL                                                                  DEFENDANTS

ORDER

This matter is before the Court *sua sponte* to address deficiencies in the Rule 7.1 disclosure statements filed by Plaintiff Wound Management Specialists, LLC and Defendants Liberty Mutual Managed Care, LLC and Helmsman Insurance Agency, LLC. On November 21, 2024, the Court ordered the parties to file complete Rule 7.1 disclosure statements on or before December 5, 2024. On November 22, 2024, Defendants Liberty Mutual Managed Care, LLC, Liberty Mutual Group, Inc., and Helmsman Insurance Agency, LLC filed separate Rule 7.1 disclosures statement. And on December 5, 2024, Plaintiff Wound Management Specialists, LLC, filed its disclosure statement. There are deficiencies in some of the parties' disclosures of the various LLCs' citizenship.

Rule 7.1(a)(2) requires every party or intervenor in a case in which jurisdiction is based on diversity to file a disclosure statement that "*must name—and identify the citizenship of— every individual or entity whose citizenship is attributed to that party or intervenor.*" Fed. R. Civ. P. 7.1(a)(2) (emphasis added). "A party seeking to establish diversity jurisdiction must specifically allege *the citizenship of every member of every LLC* or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 536 (5th Cir. 2017) (emphasis added).

Wound Management's Rule 7.1 disclosure statement fails to identify its members, stating only that the LLC is "wholly-owned by Thomas McMahon." Disclosure Stmt. [11] at ¶ 3. LLC ownership is not necessarily the same thing as LLC membership. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) (observing that some states permit LLC membership without ownership and explaining the difference for purposes of establishing diversity jurisdiction). To be clear, if McMahon is a member, or the *only* member, Wound Management must state that. If McMahon is a member, Wound Management also fails to identify his state of citizenship. Wound Management says McMahon is "a Mississippi resident who resides at 1019 Garrison Way, Flowood, Mississippi 39232." *Id.* But "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).[1]

The Rule 7.1 disclosure statements for Defendants Liberty Mutual Managed Care and Helmsman suffer from similar problems. They disclose that Liberty Mutual Group, Inc. "owns and controls 100% of Liberty Corporate Services, LLC," which in turn "owns and controls 100%" of Helmsman and Liberty Mutual Managed Care. Disclosure Stmts. [7], [9]. But they fail to disclose whether Liberty Mutual Group is the sole member of Liberty Corporate Services, and whether Liberty Corporate Services is the sole member of Helmsman and/or Liberty Mutual Managed Care.

---

[1] "'The difference between citizenship and residency is a frequent source of confusion.'" *SXSW, L.L.C.*, 83 F.4th at 407 (quoting *MidCap Media*, 929 F.3d at 313). "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.*

3

Because the Rule 7.1 disclosure statements for Wound Management, Liberty Mutual Managed Care, and Helmsman are incomplete, the Court directs them to file corrected Rule 7.1 disclosure statements with the missing information on or before December 16, 2024.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE